3/26/2018 2:26 PM
18CV10235

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF COLUMBIA

| | |
|---|---|
| THE H.D.D. COMPANY, INC., A CORPORATION OF OREGON, an Oregon corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SNC-LAVALIN CONSTRUCTORS INC., a Delaware corporation; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation, Bond No. 346-142,<br><br>Defendants. | Case No. 18CV10235<br><br>**COMPLAINT**<br>(Foreclosure of Construction Lien, Breach of Contract, Quantum Meruit, and Private Prompt Payment)<br><br>**Fee schedule: ORS 21.160(1)(d)<br>Claim: $5,047,119.46**<br><br>**Claim Not Subject to Mandatory Arbitration** |

## GENERAL ALLEGATIONS

Plaintiff The H.D.D. Company, Inc., A Corporation of Oregon ("HDD") alleges as follows:

1.

At all material times, HDD is and was an Oregon corporation conducting business in Columbia County, Oregon and properly licensed and endorsed as a construction contractor in the State of Oregon.

2.

At all material times, defendant SNC-Lavalin Constructors Inc. ("SNC-Lavalin") is and was a Delaware corporation conducting business in Columbia County, Oregon.

/ / /

COMPLAINT

Page 1 of 8

3.

At all material times, defendant SNC-Lavalin was the general contractor for a project commonly known as the North Mist Expansion project, located in Columbia County, Oregon, and more fully described in Exhibit 1 attached hereto (the "Property").

4.

At all material times, defendant National Union Fire Insurance Company of Pittsburgh, PA ("NUFIC") was and is a Pennsylvania corporation transacting business as a surety in the State of Oregon.  NUFIC is the surety on Bond No. 346-142.

5.

At all material times, certain improvements (the "Improvement") have been constructed on or under the Property.  The whole of the Property is necessary for the convenient use and occupation of the Improvement.

6.

HDD was a subcontractor to SNC-Lavalin for the construction of the Improvement.  On or about April 3, 2017, SNC-Lavalin entered into a written subcontract (the "Subcontract") with HDD whereby it requested and employed HDD to furnish certain labor, materials, and equipment for the construction of the Improvement and agreed to make payment to HDD therefore.

7.

From on or about July 1, 2017 through on or about November 17, 2017, at the specific request of SNC-Lavalin, HDD performed labor upon, and furnished equipment and materials used in the construction of the Improvement and incorporated in the Improvement for the benefit of the Improvement and the Property.

8.

During the course of construction of the Improvement, SNC-Lavalin made changes and additions to HDD's work. The total unpaid amount for work performed by HDD is

COMPLAINT

SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

1 | $5,047,119.46.

2 | 9.

3 | HDD has fully performed all of the terms and conditions of the Subcontract and all

4 | conditions precedent on its part to be performed or otherwise has been excused from the

5 | same.

6 | **FIRST CLAIM FOR RELIEF**

7 | **(Foreclosure of Construction Lien)**

8 | For a First Claim for Relief against defendants SNC-Lavalin and NUFIC, HDD alleges as

9 | follows:

10 | 10.

11 | HDD incorporates and re-alleges paragraphs 1 through 9.

12 | 11.

13 | On January 22, 2018, within seventy-five (75) days after the last date on which HDD

14 | furnished labor, materials and/or equipment to be used or incorporated in the Improvement,

15 | HDD filed with the recording officer of Columbia County, Oregon a claim of construction lien

16 | containing true statements of its demand after deducting all just credits and offsets, the name

17 | of the owner or reputed owner of the real property and Improvement, and the name of the

18 | person who employed HDD to furnish said labor, materials and/or equipment and to perform

19 | said Subcontract, together with the description of the real property to be charged with a lien

20 | sufficient for identification, including the address, which claim of lien was verified with the oath

21 | of a person having knowledge of the facts (the "Lien").  A true and correct copy of the Lien is

22 | attached hereto as Exhibit 1 and incorporated by reference as if fully set forth herein.

23 | 12.

24 | Within twenty (20) days after the date of filing the Lien, HDD caused a notice to be

25 | mailed to all proper parties by certified mail, return receipt requested, stating that a claim of

26 | lien had been filed and enclosing true copies thereof.  Pursuant to ORS 87.057, more than ten

**SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP**
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

1   (10) days prior to the date on which it commenced this foreclosure action, HDD caused to be

2   transmitted a written notice to all proper parties of its intent to foreclose the Lien unless

3   payment was made within ten (10) days.

4                                                    13.

5          After deducting all just credits or offsets to which SNC-Lavalin is entitled, HDD is owed

6   the sum of $5,047,119.46, together with interest thereon at the highest rate allowed by law

7   from the date due until the date paid, which remains due and owing from SNC-Lavalin to HDD

8   and is the agreed and reasonable value of the labor, materials and equipment performed and

9   furnished by HDD.

10                                                   14.

11         HDD is further entitled to an award of its reasonable attorney fees and costs, including

12  the fee for recording the Lien, and the cost for the title reports ordered as a result of this

13  action.

14                                                   15.

15         On February 16, 2018, defendant SNC-Lavalin, as principal, and defendant NUFIC, as

16  surety, filed with the Recording Officer of Columbia County, Oregon as Document No. 2018-

17  001397 and served Bond Number 346-142 pursuant to ORS 87.076, et. seq., a copy of which is

18  attached hereto and incorporated herein as Exhibit 2 (the "Bond").  The Bond has the effect of

19  freeing the Improvement and Property from the Lien, and the Lien now attaches to the Bond.

20  The Bond was executed by defendants SNC-Lavalin and NUFIC and binds both of them to pay all

21  amounts due and owing HDD up to the full penal sum of the Bond for HDD's work on the

22  Project, including but not limited to its attorney fees and costs.

23  / / /

24  / / /

25  / / /

26  / / /

**COMPLAINT**

**SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP**
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

**SECOND CLAIM FOR RELIEF**

**(Breach of Contract)**

For a <u>Second Claim for Relief</u> against defendant SNC-Lavalin, HDD alleges as follows:

16.

HDD incorporates and re-alleges paragraphs 1 through 3, and 5 through 15.

17.

HDD performed all of the work in accordance with the terms of the Subcontract or otherwise been excused from the same.

18.

SNC-Lavalin breached the Subcontract by:

    a)  Failing and refusing to pay HDD all amounts due under the Subcontract;

    b)  Failing to make timely progress payments;

    c)  Failing to issue change orders in accordance with the Subcontract; and

    d)  Failing to make timely final payment.

19.

As a result of SNC-Lavalin's breaches of the Subcontract, and after deducting all credits or offsets to which SNC-Lavalin is entitled, HDD has been damaged in the sum of $5,047,119.46, which remains due and owing from SNC-Lavalin to HDD, together with attorney fees and interest thereon at the highest rate allowed by law from the date due until the date paid.

**THIRD CLAIM FOR RELIEF**

**(Quantum Meruit)**

For a <u>Third Claim for Relief</u> against defendant SNC-Lavalin, HDD alleges as follows:

20.

HDD incorporates and re-alleges paragraphs 1 through 3, 5, 7, and 8.

21.

HDD, at the request of SNC-Lavalin, furnished certain goods and services necessary for

SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

1 the construction of portions of the Improvement, and SNC-Lavalin benefited from such goods

2 and services.

3                                    22.

4        SNC-Lavalin would be unjustly enriched were it permitted to retain the goods and

5 services provided to it by HDD without payment.

6                                    23.

7        SNC-Lavalin is therefore now indebted to HDD in the sum of not less than

8 $5,047,119.46, plus interest thereon at the highest rate allowed by law from the date due until

9 the date paid, which is the reasonable value of the goods and services rendered to SNC-Lavalin

10 by HDD.

11                    **FOURTH CLAIM FOR RELIEF**

12                    **(Private Prompt Payment)**

13       For a Fourth Claim for Relief against defendant SNC-Lavalin, HDD alleges as follows:

14                                   24.

15       HDD incorporates and re-alleges paragraphs 1 through 3, and 5 through 23.

16                                   25.

17       Pursuant to ORS 701.630, HDD is entitled to interest on all amounts due and owing it

18 from SNC-Lavalin at the rate specified in ORS 701.630(6).

19                                   26.

20       Pursuant to ORS 701.630(7), HDD is also entitled to its costs and reasonable attorney

21 fees incurred in collecting interest.

22                                   27.

23                           **MEDIATION**

24       The Subcontract provides for mediation of all disputes. HDD has communicated its

25 request to mediate this dispute to SNC-Lavalin, and remains amenable to mediation.

26 / / /

**COMPLAINT**

**SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP**
121 SW MORRISON, SUITE 1025
PORTLAND, OREGON 97204
(503) 223-6740
FAX (503) 223-9564

28.

## **ARBITRATION**

The Subcontract between the parties also provides for arbitration of all disputes. In accordance with the Subcontract, this matter should be abated and transferred to private binding arbitration.

**WHEREFORE**, HDD prays for judgment as follows:

1.     On its First Claim for Relief:

a) Foreclosing the Lien, which is attached to the Bond, in the amount of $5,047,119.46, plus interest thereon at the highest rate allowed by law from the date due until the date paid, together with HDD's reasonable attorney fees, and other costs and disbursements incurred herein; and

b) For an order that the above-described sums be paid and satisfied out of the Bond; and

2.     On its Second Claim for Relief, for judgment against SNC-Lavalin in the sum of $5,047,119.46, plus interest thereon at the highest rate allowed by law from the date due until the date paid, together with HDD's reasonable attorney fees, and other costs and disbursements incurred herein; and

3.     On its Third Claim for Relief, for judgment against SNC-Lavalin in the sum of $5,047,119.46, plus interest thereon at the highest rate allowed by law from the date due until the date paid, together with HDD's costs and disbursements incurred herein;

4.     On its Fourth Claim for Relief, for a judgment against SNC-Lavalin in the sum of $5,047,119.46, plus interest thereon at the highest rate allowed by law from the date due until the date paid, together with HDD's reasonable attorney fees, and other costs and disbursements incurred herein; and

/ / /

/ / /

**COMPLAINT**

Page 7 of 8

1       5.    Any other relief to which HDD is entitled or which the Court deems just

2 and proper.

3     DATED:    March 26, 2018

4         SEIFER, YEATS, ZWIERZYNSKI & GRAGG, LLP

5          s/ Dan Gragg

6         Dan Gragg, OSB 96066
        gragg@seifer-yeats.com

7         Tara M. Johnson, OSB 064356
        taraj@seifer-yeats.com

8         Andrew MacKendrick, OSB 141022
        amm@seifer-yeats.com

9         Of Attorneys for The H.D.D. Company, Inc. A Corporation

10       of Oregon

11       Trial Attorney: Dan Gragg, OSB 96066

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**COMPLAINT**

Page 8 of 8

The H.D.D. Company, Inc., a Corporation of Oregon
3161 Cameron Park Drive Suite 215
Cameron Park, CA 95682-1028
                                        Lien Claimant

Northwest Natural Gas Company
220 NW 2nd Avenue
Portland, Oregon 97209

Portland General Electric Company
121 SW Salmon Street
Portland, Oregon 97204
                                        Owner(s)

After recording, return to:
Dan Gragg
Seifer, Yeats, Zwierzynski & Gragg, LLP
121 SW Morrison St., Suite 1025
Portland, OR 97204

| COLUMBIA COUNTY, OREGON | **2018-00614** |
|---|---|
| MR-CL | |
| Cnt=1 Pgs=14 HUSERB | 01/22/2018 04:22:00 PM |
| $70.00 $11.00 $20.00 | **$101.00** |

I, Elizabeth E. Huser, County Clerk for Columbia County, Oregon,
certify that the instrument identified herein was recorded in the Clerk
records.
                    Elizabeth E. Huser - County Clerk

First American Title Accommodation
Recording Assumes No Liability

FATCO: NNOA1801- 010

## CLAIM OF CONSTRUCTION LIEN
### (Amount of Lien - $5,047,119.46)

**KNOW ALL PERSONS BY THESE PRESENTS**, that The H.D.D. Company, Inc. a Corporation of Oregon, hereinafter called Claimant, has performed labor, transported and furnished materials and/or rented equipment under a contract between Claimant and SNC-Lavalin Constructors Inc., which was the owner's construction agent, general contractor, and/or entity having charge of the construction for that certain improvement commonly known as the North Mist Expansion Project ("the Project"), and situated upon certain land located in the County of Columbia, State of Oregon, which is the site of the improvement, all as more particularly described in Attachment A to this lien.

The name of the owners or reputed owners of the land, or other interest in the real property, are: Northwest Natural Gas Company and Portland General Electric Company.

The name of the owners or reputed owners of the improvement are:  Northwest Natural Gas Company and Portland General Electric Company.

The names of the persons who employed Claimant, and to whom materials were furnished and for whom labor was performed and equipment rented, are SNC-Lavalin Constructors Inc.

The persons just named, at all times herein mentioned, had knowledge of the construction.

Claimant commenced performance of its contract on about July 1, 2017, provided and furnished all labor, materials and equipment required by the contract and actually used in the construction of the improvement, and completed the contract, change orders, and other directed additional work on about November 17, 2017, after which Claimant ceased to provide labor, transport or furnish materials and/or rent equipment for the improvement.

The following is a true statement of Claimant's demand after deducting all just credits and offsets, to wit:

    The agreed and reasonable value of claimant's labor,

EXHIBIT 1
Page 1 of 15

| materials and equipment, and the contract price including change orders and proper extras is in the sum of | $5,960,252.29 |
|---|---|
| Recording fees | $        56.00 |
| **Total** | $ 5,960,308.29 |
| Less, all just credits and offsets | ($ 913,188.83) |
| Balance due claimant | $ 5,047,119.46* |

(which includes labor in the amount of $2,249,641.43, materials in the amount of $918,829.22, and equipment of in the amount of $1,872,757.94)

* Together with attorney fees and interest on the principal balance of $5,047,119.46 at: (1) the rate of 18% per annum pursuant to ORS 701.625; (2) the rate of 12% per annum pursuant to ORS 701.420; or (3) the legal rate of 9% per annum from the date due until paid, whichever is greater.

Claimant claims a perfected lien for the amount last stated upon the improvement and upon the site, to wit: the improvement itself and the land upon which the improvement is constructed, together with the land that may be required for the convenient use and occupation of the improvement constructed on the site, to be determined by the court at the time of the foreclosure of this lien, including without limitation that portion of the Project consisting of the 16" natural gas pipeline and the associated HDPE and steel conduit for fiber optic cable, extending from the southern most point of HDD Crossing/Bore #1 to the northern most point of HDD Crossing/Bore #8, together with any and all right, title and interest of Northwest Natural Gas Company and/or Portland General Electric Company in the construction right-of-way, easement, or other property interest within which the pipeline and fiber optic cable are located.

Dated this _19th_ day of January, 2018

THE H.D.D. COMPANY, INC., A CORPORATION OF OREGON

By: _____

Jeremy King

Its: Vice President

STATE OF _California_ )
County of _El Dorado_ ) ss.

I, Jeremy King, being first duly sworn, depose and say: I am the authorized representative of Claimant named in the foregoing instrument. I have knowledge of the facts set forth therein. All statements made in this instrument are true and correct as I verily believe.

_____
Jeremy King

Subscribed and sworn to before me on the _19th_ day of January, 2018 by Jeremy King.

WENDY BROOKE
COMM. #2142344
Notary Public - California
El Dorado County
Comm. Expires Feb 11, 2020

_____
Notary Public for _State of California_
My commission expires: _Feb 11, 2020_

00091153.1

EXHIBIT 1
Page 2 of 15

# JURAT

A notary public or other officer completing this certificate verifies only the
identity of the individual who signed the document to which this certificate
is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of El Dorado

Subscribed and sworn to (or affirmed) before me on this <u>19th</u> day of <u>January</u>,

20<u>18</u> by <u>Jeremy King</u>,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared
before me.

_Wendy Brooke_

Signature                                     (Seal)

```
WENDY BROOKE
COMM. #2142344
Notary Public · California
El Dorado County
Comm. Expires Feb 11, 2020
```

## OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

## Claim of Construction Lien

(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages _____ Document Date_____

_____
Additional information

## INSTRUCTIONS

*The wording of all Jurats completed in California after January 1, 2015 must be in the form
as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not
follow this form, the notary must correct the verbiage by using a jurat stamp containing the
correct wording or attaching a separate jurat form such as this one with does contain the
proper wording. In addition, the notary must require an oath or affirmation from the
document signer regarding the truthfulness of the contents of the document. The
document must be signed AFTER the oath or affirmation. If the document was previously
signed, it must be re-signed in front of the notary public during the jurat process.*

- State and county information must be the state and county where the
  document signer(s) personally appeared before the notary public.
- Date of notarization must be the date the signer(s) personally
  appeared which must also be the same date the jurat process is
  completed.
- Print the name(s) of the document signer(s) who personally appear at
  the time of notarization.
- Signature of the notary public must match the signature on file with the
  office of the county clerk.
- The notary seal impression must be clear and photographically
  reproducible. Impression must not cover text or lines. If seal impression
  smudges, re-seal if a sufficient area permits, otherwise complete a
  different jurat form.
    - ❖ Additional information Is not required but could help
      to ensure this jurat is not misused or attached to a
      different document.
    - ❖ Indicate title or type of attached document, number of
      pages and date.
- Securely attach this document to the signed document with a staple.

EXHIBIT 1
Page 3 of 15

ATTACHMENT A

Claim of Construction Lien of The HDD Company, Inc.

North Mist Expansion Project

General Description of the Improvement and Work Performed by Claimant:  The North Mist Expansion Project ("the Project") is generally described as construction of a new natural gas compressor station and an approximately 13 mile long natural gas transmission pipeline to connect the new compressor station with the Portland General Electric (PGE) Port Westward Industrial Park, north of Clatskanie.  Claimant furnished labor, equipment and materials used in the construction of the pipeline portion of the Project, more specifically labor, equipment and materials to drill and install by horizontal directional drilling approximately 24,852 feet of 16" steel pipe for conveyance of natural gas, together with associated HDPE and steel conduit for fiber optic cable, at eight separate locations along the pipeline route.

Location of the Eight Crossings Installed by Claimant by directional drilling:  The entry and exit points for each of the eight crossings constructed by Claimant are stated below.

HDD Crossing/Bore #1

| | | |
|---|---|---|
| Entry | LAT. N46* 07'18.4386" | |
| | LONG. W123* 13'56.2638" | |
| | N. 906833.77580 | |
| | E. 7509335.48600 | |
| Exit | LAT.N46* 06'59.6953" | |
| | LONG. W123* 14'02.9917" | |
| | N. 904952.15267 | |
| | E. 7508797.57950 | |
| Length | 1,957' (approximate) | |

HDD Crossing/Bore #2

| | | |
|---|---|---|
| Entry | LAT. N46* 07'18.4386" | |
| | LONG. W123* 13'56.2638" | |
| | N. 906833.77580 | |
| | E. 7509335.48600 | |
| Exit | LAT. N46* 07'28.4224" | |
| | LONG. W123* 13'14.2133" | |
| | N. 907744.64817 | |
| | E. 7512330.01627 | |
| Length | 3,130' (approximate) | |

HDD Crossing/Bore #3

| | | |
|---|---|---|
| Entry | LAT. N46* 07'54.4786" | |
| | LONG. W123* 12'57.9613" | |
| | N. 910344.21281 | |
| | E. 7513562.87382 | |
| Exit | LAT. N46* 07'28.4324" | |

EXHIBIT 1
Page 4 of 15

LONG. W123* 13'14.1715"
N. 907745.55448
E. 7512332.99583
Length   2,875' (approximate)

HDD Crossing/Bore #4

Entry   LAT. N46* 07'58.1397"
LONG. W123* 12'37.9562"
N. 910667.57145
E. 7514983.49189
Exit   LAT. N46* 08'34.5155"
LONG. W123* 12'38.0153"
N. 914350.63490
E. 7515102.94312
Length   3,685' (approximate)

HDD Crossing/Bore #5

Entry   LAT. N46* 08'34.5933"
LONG. W123* 12'37.9439"
N. 914358.33868
E. 7515108.22611
Exit   LAT. N46* 09'04.2077"
LONG. W123* 12'05.9899"
N. 917281.36516
E. 7517457.35707
Length   3,750' (approximate)

HDD Crossing/Bore #6

Entry   LAT. N46* 09'04.2292"
LONG. W123* 12'05.9667"
N. 917283.48741
E. 7517459.06265
Exit   LAT. N46* 09'35.0629"
LONG. W123* 11'32.7965"
N. 920327.39242
E. 7519897.22636
Length   3,900' (approximate)

HDD Crossing/Bore #7

Entry   LAT. N46* 10'03.9493"
LONG. W123* 11'03.7462"
N. 923184.07027
E. 7522038.32226
Exit   LAT. N46* 09'35.0629"

EXHIBIT 1
Page 5 of 15

LONG. W123* 11'32.7965"
N. 920327.39242
E. 7519897.22636
Length   3,570' (approximate)

HDD Crossing/Bore #8

Entry    LAT. N46* 10'03.9910"
LONG. W123* 11'03.7042"
N. 923188.19302
E. 7522041.41204
Exit     LAT. N46* 10'15.1410"
LONG. W123* 10'40.5129"
N. 924262.95528
E. 7523710.27725
Length   1,985' (approximate)

At the location of each HDD crossing/bore, the 16" steel natural gas pipeline and the associated HDPE and the steel conduit for fiber optic cable extend in approximately a straight line between the entry point to the exit point at various depths, within a 10' construction right-of-way, easement, or other property interest owned or acquired by Northwest Natural Gas Company and/or Portland General Electric Company.

The locations of the Project and the eight HDD crossings/bores constructed by Claimant are further identified in the drawings attached hereto and identified as Exhibit 1 to this Attachment A.

EXHIBIT 1
Page 6 of 15



Legend

○——○ Proposed HDD

——— Open Trench

**Vicinity Map**

North Mist Pipeline
Columbia County, Oregon

GEOENGINEERS

Figure 1

Notes:
1. The locations of all features shown are approximate.
2. This drawing is for information purposes. It is intended to assist in showing features discussed in an attached document. GeoEngineers, Inc. cannot guarantee the accuracy and content of electronic files. The master file is stored by GeoEngineers, Inc. and will serve as the official record of this communication.
Data Sources: ESRI Data & Maps, Street Maps 2008.
Base map from ESRI Data Online.
Projection: NAD 1983, UTM Zone 10 North.

EXHIBIT 1 TO ATTACHMENT A

EXHIBIT 1
Page 7 of 15



EXHIBIT 1
Page 8 of 15



EXHIBIT 1
Page 9 of 15



NOTE: THIS IS A FULL SIZE DRAWING THAT IS INTENDED
TO BE PRINTED ON A 24" X 36" SHEET OF PAPER.

FINAL

EXHIBIT 1
Page 10 of 15



FINAL

NOTE: THIS IS A FULL SIZE DRAWING THAT IS INTENDED
TO BE PRINTED ON A 24" X 36" SHEET OF PAPER.

GeoEngineers

EXHIBIT 1
Page 11 of 15



EXHIBIT 1
Page 12 of 15



EXHIBIT 1
Page 13 of 15



EXHIBIT 1
Page 14 of 15



NOTE: THIS IS A FULL SIZE DRAWING THAT IS INTENDED
TO BE PRINTED ON A 24" X 36" SHEET OF PAPER.

FINAL

EXHIBIT 1
Page 15 of 15

**BOND FOR RELEASE OF CONSTRUCTION
LIEN (Pursuant to ORS §§ 87.076 - .088)**

Bond No. 346-142

*Lien Claimant's Name and Address:*

The H.D.D. Company, Inc., a Corp. of Oregon
3161 Cameron Park, CA 95682-1028

*Owner's Name and Address*

Northwest Natural Gas Company
220 NW 2^(nd) Ave.
Portland, OR 97209

Portland General Electric Company
121 SW Salmon St.
Portland, OR 97204

COLUMBIA COUNTY, OREGON  **2018-001397**
MR-LRE
Cnt=1 Pgs=19 HUSERB  **02/16/2018 03:09:45 PM**
$95.00 $11.00 $20.00                            **= $126.00**

0024218520180001397019 0196

I, Elizabeth E. Huser, County Clerk for Columbia County, Oregon
certify that the instrument identified herein was recorded in the Clerk
records.

Elizabeth E. Huser - County Clerk

*After recording, return to:*

Lawrence A. Dany III
David Baay
Eversheds-Sutherland (US) LLP
1001 Fannin St #3700
Houston, TX 77002

KNOW ALL BY THESE PRESENTS that we, SNC-LAVALIN CONSTRUCTORS INC., as Principal, and
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, as Surety, are held and firmly bound
unto The H.D.D. Company, Inc., as Obligee, in the sum of Seven Million, Five Hundred Seventy Thousand,
Six Hundred Seventy Nine and 19/100 DOLLARS ($7,570,679.19) to the payment of which we bind
ourselves, our heirs, executors and successors, jointly and severally.

The Obligee is the claimant under a certain claim of construction lien ("Lien") in the sum of Five
Million, Forty Seven Thousand, One Hundred Nineteen and 46/100 DOLLARS ($5,047,119.46) recorded on
January 22, 2018, in the Records of Columbia County, Oregon, as Document No. 2018-00614, with respect
to labor upon, or services for, or the transporting or furnishing of materials to be used in, and/or the
renting of equipment used in the construction of an improvement commonly known as The North Mist
Expansion Project, and situated upon certain land located in the County of Columbia, State or Oregon,
which is the site of the improvement, as more fully described in Exhibit A, attached hereto and

1

EXHIBIT 2
Page 1 of 19

incorporated herein by reference, and as set forth with particularity in the claim of Lien.

The Principal disputes the correctness or validity of such claim of Lien and desires to execute and record a bond to free the above described real property from the effect of the Lien and any action brought to foreclose it, pursuant to ORS §§ 87.076 - .088. This bond shall pay the amount of the claim and all costs and attorney fees that are awarded against the improvement or land on account of the Lien, if any, up to the penal limit of this bond.

If the Principal or any other person or entity shall pay the amount of the claim and all costs and attorney fees that are awarded against the improvement or land on account of the Lien, then this obligation shall be void. Otherwise, it shall remain in full force and effect.

DATED: January 30, 2018.

SNC-Lavalin Constructors Inc.

By _____

MELLOY BAKER Name / Title PROJECT MANAGER

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

By _____

Danielle M. Bechard - Attorney-in-Fact

2

EXHIBIT 2
Page 2 of 19

# POWER OF ATTORNEY

**American Home Assurance Company**
**National Union Fire Insurance Company of Pittsburgh, PA.**
Principal Bond Office: 175 Water Street, New York, NY 10038

Power No.   30370

No.   01-B-23777

## KNOW ALL MEN BY THESE PRESENTS:

That American Home Assurance Company, a New York corporation, and National Union Fire Insurance Company of Pittsburgh, PA., a Pennsylvania corporation, does each hereby appoint

—Jeannette Porrini, Stacy Rivera, Sue Saunders, Aiza Lopez, Danielle M. Bechard, Erin L. Kiernan, Aimee Perondine, Jennifer Garten, Melissa Stanton: of Hartford, Connecticut—

its true and lawful Attorney(s)-in-Fact, with full authority to execute on its behalf bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, issued in the course of its business, and to bind the respective company thereby.

IN WITNESS WHEREOF, American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, PA. have each executed these presents

this 25th day of May, 2016



Michael C. Fay, Vice President

**STATE OF NEW YORK** }
**COUNTY OF NEW YORK** } ss.

On this 25th day of May, 2016 before me came the above named officer of American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, PA., to me personally known to be the individual and officer described herein, and acknowledged that he executed the foregoing instrument and affixed the seals of said corporations thereto by authority of his office.

**JULIANA HALLENBECK**
Notary Public - State of New York
No. 01HA6125671
Qualified In Bronx County
My Commission Expires April 18, 2017

## CERTIFICATE

Excerpts of Resolutions adopted by the Boards of Directors of American Home Assurance Company and National Union Fire Insurance Company of Pittsburgh, PA. on May 18, 1976:

"RESOLVED, that the Chairman of the Board, the President, or any Vice President be, and hereby is, authorized to appoint Attorneys-in-Fact to represent and act for and on behalf of the Company to execute bonds, undertakings, recognizances and other contracts of indemnity and writings obligatory in the nature thereof, and to attach thereto the corporate seal of the Company, in the transaction of its surety business;

"RESOLVED, that the signatures and attestations of such officers and the seal of the Company may be affixed to any such Power of Attorney or to any certificate relating thereto by facsimile, and any such Power of Attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company when so affixed with respect to any bond, undertaking, recognizance and other contract of indemnity and writing obligatory in the nature thereof;

"RESOLVED, that any such Attorney-in-Fact delivering a secretarial certification that the foregoing resolutions still be in effect may insert in such certification the date thereof, said date to be not later than the date of delivery thereof by such Attorney-in-Fact."

I, Martin Bogue, Assistant Secretary of American Home Assurance Company and of National Union Fire Insurance Company of Pittsburgh, PA. do hereby certify that the foregoing excerpts of Resolutions adopted by the Boards of Directors of these corporations, and the Powers of Attorney issued pursuant thereto, are true and correct, and that both the Resolutions and the Powers of Attorney are in full force and effect.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the facsimile seal of each corporation

this 30th day of January, 2018



Martin Bogue, Assistant Secretary

65166 (4/96)

EXHIBIT 2
Page 3 of 19

## EXHIBIT A

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF COLUMBIA,
STATE OF OREGON, AND IS DESCRIBED AS FOLLOWS:

EXHIBIT 2
Page 4 of 19

The H.D.D. Company, Inc., a Corporation of Oregon
3161 Cameron Park Drive Suite 215
Cameron Park, CA 95682-1028

Lien Claimant

Northwest Natural Gas Company
220 NW 2nd Avenue
Portland, Oregon 97209

Portland General Electric Company
121 SW Salmon Street
Portland, Oregon 97204

Owner(s)

After recording, return to:
Dan Gragg
Selfer, Yeats, Zwierzynski & Gragg, LLP
121 SW Morrison St., Suite 1025
Portland, OR 97204

| COLUMBIA COUNTY, OREGON | **2018-00614** |
|---|---|
| MR-CL | 01/22/2018 04:22:00 PM |
| Cnt=1 Pgs=14 HUSERB | |
| $70.00 $11.00 $20.00 | **$101.00** |

I, Elizabeth E. Huser, County Clerk for Columbia County, Oregon,
certify that the instrument identified herein was recorded in the Clerk
records.
            Elizabeth E. Huser – County Clerk

First American Title Accommodation
Recording Assumes No Liability

FATCO: NWOA-1801- 010

## CLAIM OF CONSTRUCTION LIEN
### (Amount of Lien - $5,047,119.46)

KNOW ALL PERSONS BY THESE PRESENTS, that The H.D.D. Company, Inc. a Corporation of Oregon,
hereinafter called Claimant, has performed labor, transported and furnished materials and/or rented
equipment under a contract between Claimant and SNC-Lavalin Constructors Inc., which was the owner's
construction agent, general contractor, and/or entity having charge of the construction for that certain
improvement commonly known as the North Mist Expansion Project ("the Project"), and situated upon
certain land located in the County of Columbia, State of Oregon, which is the site of the improvement, all as
more particularly described in Attachment A to this lien.

The name of the owners or reputed owners of the land, or other interest in the real property, are: Northwest
Natural Gas Company and Portland General Electric Company.

The name of the owners or reputed owners of the improvement are:  Northwest Natural Gas Company and
Portland General Electric Company.

The names of the persons who employed Claimant, and to whom materials were furnished and for whom
labor was performed and equipment rented, are SNC-Lavalin Constructors Inc.

The persons just named, at all times herein mentioned, had knowledge of the construction.

Claimant commenced performance of its contract on about July 1, 2017, provided and furnished all labor,
materials and equipment required by the contract and actually used in the construction of the improvement,
and completed the contract,change orders, and other directed additional work on about November 17, 2017,
after which Claimant ceased to provide labor, transport or furnish materials and/or rent equipment for the
improvement.

The following is a true statement of Claimant's demand after deducting all just credits and offsets, to
wit:

        The agreed and reasonable value of claimant's labor,

00091153.1

EXHIBIT 2
Page 5 of 19

| materials and equipment, and the contract price including change orders and proper extras is in the sum of | $5,960,252.29 |
|---|---|
| Recording fees | $       56.00 |
| **Total** | $ 5,960,308.29 |
| Less, all just credits and offsets | ($   913,188.83) |
| Balance due claimant | $ 5,047,119.46* |

(which includes labor in the amount of $2,249,641.43, materials in the amount of $918,829.22, and equipment of in the amount of $1,872,757.94)

\* Together with attorney fees and interest on the principal balance of $5,047,119.46 at: (1) the rate of 18% per annum pursuant to ORS 701.625; (2) the rate of 12% per annum pursuant to ORS 701.420; or (3) the legal rate of 9% per annum from the date due until paid, whichever is greater.

Claimant claims a perfected lien for the amount last stated upon the improvement and upon the site, to wit: the improvement itself and the land upon which the improvement is constructed, together with the land that may be required for the convenient use and occupation of the improvement constructed on the site, to be determined by the court at the time of the foreclosure of this lien, including without limitation that portion of the Project consisting of the 16" natural gas pipeline and the associated HDPE and steel conduit for fiber optic cable, extending from the southern most point of HDD Crossing/Bore #1 to the northern most point of HDD Crossing/Bore #8, together with any and all right, title and interest of Northwest Natural Gas Company and/or Portland General Electric Company in the construction right-of-way, easement, or other property interest within which the pipeline and fiber optic cable are located.

Dated this _19th_ day of January, 2018

THE H.D.D. COMPANY, INC., A CORPORATION OF OREGON

By: _____
      Jeremy King
      Its: Vice President

STATE OF _California_ )
County of _El Dorado_ ) ss.

I, Jeremy King, being first duly sworn, depose and say: I am the authorized representative of Claimant named in the foregoing instrument. I have knowledge of the facts set forth therein. All statements made in this instrument are true and correct as I verily believe.

_____
Jeremy King

Subscribed and sworn to before me on the _19th_ day of January, 2018 by Jeremy King.

WENDY BROOKE
COMM. #2142344
Notary Public • California
El Dorado County
Comm. Expires Feb 11, 2020

_____
Notary Public for _State of California_
My commission expires: _Feb 11, 2020_

00091153.1

EXHIBIT 2
Page 6 of 19

# JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of _El Dorado_

Subscribed and sworn to (or affirmed) before me on this _19th_ day of _January_,

20_18_ by _Jeremy King_,

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_Wendy Brooke_
Signature                              (Seal)

WENDY BROOKE
COMM. #2142344
Notary Public • California
El Dorado County
Comm. Expires Feb 11, 2020

---

## OPTIONAL INFORMATION

DESCRIPTION OF THE ATTACHED DOCUMENT

**Claim of Construction Lien**

(Title or description of attached document)

_____

(Title or description of attached document continued)

Number of Pages _____ Document Date_____

_____

Additional information

## INSTRUCTIONS

The wording of all Jurats completed in California after January 1, 2015 must be in the form as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not follow this form, the notary must correct the verbiage by using a jurat stamp containing the correct wording or attaching a separate jurat form such as this one with does contain the proper wording. In addition, the notary must require an oath or affirmation from the document signer regarding the truthfulness of the contents of the document. The document must be signed AFTER the oath or affirmation. If the document was previously signed, it must be re-signed in front of the notary public during the jurat process.

- State and county information must be the state and county where the document signer(s) personally appeared before the notary public.
- Date of notarization must be the date the signer(s) personally appeared which must also be the same date the jurat process is completed.
- Print the name(s) of the document signer(s) who personally appear at the time of notarization.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different jurat form.
    - ❖ Additional information is not required but could help to ensure this jurat is not misused or attached to a different document.
    - ❖ Indicate title or type of attached document, number of pages and date.
- Securely attach this document to the signed document with a staple.

EXHIBIT 2
Page 7 of 19

ATTACHMENT A

Claim of Construction Lien of The HDD Company, Inc.

North Mist Expansion Project

General Description of the Improvement and Work Performed by Claimant: The North Mist Expansion Project ("the Project") is generally described as construction of a new natural gas compressor station and an approximately 13 mile long natural gas transmission pipeline to connect the new compressor station with the Portland General Electric (PGE) Port Westward Industrial Park, north of Clatskanie. Claimant furnished labor, equipment and materials used in the construction of the pipeline portion of the Project, more specifically labor, equipment and materials to drill and install by horizontal directional drilling approximately 24,852 feet of 16" steel pipe for conveyance of natural gas, together with associated HDPE and steel conduit for fiber optic cable, at eight separate locations along the pipeline route.

Location of the Eight Crossings Installed by Claimant by directional drilling: The entry and exit points for each of the eight crossings constructed by Claimant are stated below.

HDD Crossing/Bore #1

|       |                           |
|-------|---------------------------|
| Entry | LAT. N46* 07'18.4386"    |
|       | LONG. W123* 13'56.2638"  |
|       | N. 906833.77580          |
|       | E. 7509335.48600         |
| Exit  | LAT.N46* 06'59.6953"     |
|       | LONG. W123* 14'02.9917"  |
|       | N. 904952.15267          |
|       | E. 7508797.57950         |
| Length | 1,957' (approximate)     |

HDD Crossing/Bore #2

|       |                           |
|-------|---------------------------|
| Entry | LAT. N46* 07'18.4386"    |
|       | LONG. W123* 13'56.2638"  |
|       | N. 906833.77580          |
|       | E. 7509335.48600         |
| Exit  | LAT. N46* 07'28.4224"    |
|       | LONG. W123* 13'14.2133"  |
|       | N. 907744.64817          |
|       | E. 7512330.01627         |
| Length | 3,130' (approximate)     |

HDD Crossing/Bore #3

|       |                           |
|-------|---------------------------|
| Entry | LAT. N46* 07'54.4786"    |
|       | LONG. W123* 12'57.9613"  |
|       | N. 910344.21281          |
|       | E. 7513562.87382         |
| Exit  | LAT. N46* 07'28.4324"    |

EXHIBIT 2
Page 8 of 19

LONG. W123* 13'14.1715"
N. 907745.55448
E. 7512332.99583
Length  2,875' (approximate)

HDD Crossing/Bore #4

Entry   LAT. N46* 07'58.1397"
        LONG. W123* 12'37.9562"
        N. 910667.57145
        E. 7514983.49189
Exit    LAT. N46* 08'34.5155"
        LONG. W123* 12'38.0153"
        N. 914350.63490
        E. 7515102.94312
Length  3,685' (approximate)

HDD Crossing/Bore #5

Entry   LAT. N46* 08'34.5933"
        LONG. W123* 12'37.9439"
        N. 914358.33868
        E. 7515108.22611
Exit    LAT. N46* 09'04.2077"
        LONG. W123* 12'05.9899"
        N. 917281.36516
        E. 7517457.35707
Length  3,750' (approximate)

HDD Crossing/Bore #6

Entry   LAT. N46* 09'04.2292"
        LONG. W123* 12'05.9667"
        N. 917283.48741
        E. 7517459.06265
Exit    LAT. N46* 09'35.0629"
        LONG. W123* 11'32.7965"
        N. 920327.39242
        E. 7519897.22636
Length  3,900' (approximate)

HDD Crossing/Bore #7

Entry   LAT. N46* 10'03.9493"
        LONG. W123* 11'03.7462"
        N. 923184.07027
        E. 7522038.32226
Exit    LAT. N46* 09'35.0629"

EXHIBIT 2
Page 9 of 19

LONG. W123* 11'32.7965"
N. 920327.39242
E. 7519897.22636
Length   3,570' (approximate)

HDD Crossing/Bore #8

Entry    LAT. N46* 10'03.9910"
LONG. W123* 11'03.7042"
N. 923188.19302
E. 7522041.41204
Exit     LAT. N46* 10'15.1410"
LONG. W123* 10'40.5129"
N. 924262.95528
E. 7523710.27725
Length   1,985' (approximate)

At the location of each HDD crossing/bore, the 16" steel natural gas pipeline and the associated HDPE and the steel conduit for fiber optic cable extend in approximately a straight line between the entry point to the exit point at various depths, within a 10' construction right-of-way, easement, or other property interest owned or acquired by Northwest Natural Gas Company and/or Portland General Electric Company.

The locations of the Project and the eight HDD crossings/bores constructed by Claimant are further identified in the drawings attached hereto and identified as Exhibit 1 to this Attachment A.

EXHIBIT 2
Page 10 of 19



Legend

○──○ Proposed HDD

── Open Trench

Notes:
1. The locations of all features shown are approximate.
2. This drawing is for information purposes. It is intended to
assist in showing features discussed in an attached document.
GeoEngineers, Inc. cannot guarantee the accuracy and content
of electronic files. The master file is stored by GeoEngineers,
Inc. and will serve as the official record of this communication.
Data Sources: ESRI Data & Maps, Street Maps 2008.
Base map from ESRI Data Online.
Projection: NAD 1983, UTM Zone 10 North.

**Vicinity Map**

North Mist Pipeline
Columbia County, Oregon

**GEOENGINEERS**    Figure 1

EXHIBIT 1 TO ATTACHMENT A

EXHIBIT 2
Page 11 of 19



NOTE: THIS IS A FULL SIZE DRAWING THAT IS INTENDED
TO BE PRINTED ON A 24" X 36" SHEET OF PAPER.

EXHIBIT 2
Page 12 of 19



NOTE: THIS IS A FULL SIZE DRAWING THAT IS INTENDED TO BE PRINTED ON A 24" X 36" SHEET OF PAPER.

EXHIBIT 2
Page 13 of 19



EXHIBIT 2
Page 14 of 19



EXHIBIT 2
Page 15 of 19



NOTE: THIS IS A FULL SIZE DRAWING THAT IS INTENDED
TO BE PRINTED ON A 24" X 36" SHEET OF PAPER.

EXHIBIT 2
Page 16 of 19



EXHIBIT 2
Page 17 of 19



NOTE: THIS IS A FULL SIZE DRAWING THAT IS INTENDED
TO BE PRINTED ON A 24" X 36" SHEET OF PAPER.

EXHIBIT 2
Page 18 of 19



NOTE: THIS IS A FULL SIZE DRAWING THAT IS INTENDED
TO BE PRINTED ON A 24" X 36" SHEET OF PAPER.

EXHIBIT 2
Page 19 of 19